Mary P. **LAFFEY** et al., **Plaintiffs,**

v.

**NORTHWEST AIRLINES, INC., Defendant.**

**Civ. A. No. 2111–70.**

United States District Court, District of Columbia.

Jan. 20, 1975.

Michael H. Gottesman, Washington, D. C., for plaintiff.

David A. Randheim, Minneapolis, Minn., for defendant Northwest Airlines, Inc.

Cohen, Weiss & Simon, New York City, Donald J. Capuano, O'Donoghue & O'Donoghue, John L. Richardson, Samuel C. Borzilleri, Washington, D. C., Robert S. Savelson, New York City, A. Andrew Giangreco, Alexandria, Va., for intervenors.

## ORDER RE PARAGRAPH OF ORDER JUDGMENT OF APRIL 3, 1974

AUBREY E. ROBINSON, Jr., District Judge.

On April 3, 1974, this Court issued an order prescribing remedies for the Title VII and Equal Pay violations found in this case. Paragraph 3 of that order directed that the salaries of pursers and stewardesses be equalized, by raising the stewardesses' salaries to the purser level. Paragraph 18 set forth a procedure for determining whether, "in light of this Order" (i. e., in light of the fact that pursers' and stewardesses' salaries thereafter would be the same) (a) the separate purser classification should be retained, and (b) if so, what steps should be taken to eliminate the effects of the Company's prior discrimination in filling it. The Paragraph 18 procedure contemplated efforts by the parties to reach mutual agreement on the questions posed therein, in the absence of which the Court would receive reports of views from the parties and would render a final ruling as to such questions.

Defendant moved for a stay pending appeal of this Court's April 3 order in its entirety. This Court granted a stay as to certain paragraphs of the order, but denied a stay as to others, including Paragraphs 3 and 18.

Defendant thereupon moved for a stay pending appeal of certain paragraphs, including Paragraphs 3 and 18, in the Court of Appeals. On September 4, 1974, the Court of Appeals denied the motion for stay as to Paragraph 18, and announced that it was holding in abeyance the motion to stay the other paragraphs (including Paragraph 3) until the Paragraph 18 procedures were completed.

Thereafter, the parties met and were unable to reach mutual agreement on the questions raised in Paragraph 18, and each party has submitted a report of its views to the Court. Additionally, defendant has asked this Court to authorize an "interim" bidding procedure under which all purser positions would be posted for rebidding immediately and without awaiting resolution of the status of Paragraph 3; ALPA, while not agreeing in all details with defendant's proposal, has indicated that it is prepared to negotiate further with defendant if this Court indicates that authorization might be forthcoming; and plaintiffs have opposed the granting of such authorization.

■ On the basis of all materials which have been submitted to the Court, and following full consideration thereof, it is hereby

Ordered that: 1) The request of defendant and Air Line Pilots Association for authorization to institute an "interim agreement" under which purser posi-

tions would be re-bid *pendente lite,* prior to equalization, is denied, the Court concluding that the confusion which would be engendered by such interim re-bidding, coupled with the danger that such confusion would hamper effective implementation of final relief upon the resolution of the pending appeal, far outweigh any benefits which could flow from such interim bidding.

 2) In light of this Court's direction in Paragraph 3 of the Order of April 3, 1974, that the salaries of pursers and other cabin attendants be equalized, the separate classification of purser shall be abolished, the schedules heretofore afforded to pursers shall be integrated into the other cabin attendant schedules at each base, and all persons heretofore classified as pursers shall thereafter participate in bidding for schedules on the basis of their system cabin attendant seniority vis-a-vis all other cabin attendants at their base.